# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *

ADAM PEEK,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.

* * * * * * * * * * * * * * * * * * * *

No. 17-176V

Special Master Christian J. Moran

Filed: May 21, 2019

Attorneys' fees and costs.

Diana L. Stadelnikas, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner;
Christine Becer, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

    Adam Peek brought a successful petition for compensation in the National Childhood Vaccine Compensation Program, 42 U.S.C. §§300aa-10 through 34 (2012). He now seeks an award for attorneys' fees and costs. He is awarded $36,850.71

\* \* \*

---

[1] Because this ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the ruling.

Represented by Diana Stadelnikas, Mr. Peek filed a petition for compensation on February 6, 2017. In his petition, Mr. Peek alleged that the flu vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), and which he received on or about October 19, 2015, caused him to suffer Guillain-Barré syndrome (GBS).

Thanks to the efforts of both counsel for petitioner and respondent, the parties were able to resolve the case informally. The parties submitted a joint stipulation that was adopted as the decision on this petition. Decision, issued Jan. 30, 2019, 2019 WL 959130.

On April 18, 2019, petitioners moved for reimbursement of attorneys' fees and costs, requesting $33,275.90 in attorneys' fees and $3,574.81 in attorneys' costs. Pet'r's Mot. for Attorneys' Fees and Costs, exhibit 19, 20. Mr. Peek filed a signed affidavit confirming that he did not incur any costs related to this litigation. Id., exhibit 21.

On April 19, 2019, respondent filed his response to petitioner's motion. In his response, respondent stated that he was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and deferred to the undersigned's discretion to "determine a reasonable award for attorneys' fees and costs." Resp't's Resp., filed Apr. 19, 2019, at 2-3. Petitioner submitted a reply on April 22, 2019.

This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Peek received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether Mr. Peek's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial

2

calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.  Reasonable Hourly Rate

The hourly rates charged by Ms. Stadelnikas and the associates at her firm are in line with those previously awarded by other special masters.  See, e.g., Hooper v. Sec'y of Health & Human Servs., No. 17-355V, 2019 WL 1875380, at *1 (Fed. Cl. Spec. Mstr. Mar. 22, 2019).  The undersigned has recently also found them reasonable and awarded Ms. Stadelnikas and her associates the requested rates in Morales v. Sec'y of Health & Human Servs., No. 17-694V, slip op. at 3 (Fed. Cl. Spec. Mstr. May 20, 2019).  Accordingly, the undersigned also finds the requested rates reasonable here.

### B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

Ms. Stadelnikas's billing statement is largely well-done.  In rare instances, Ms. Stadelnikas had line entries for substantial blocks of time that could have been better described.  For instance, on June 13, 2018, Ms. Stadelnikas billed three hours for "Follow up with Dr. Chichkova."  Pet'r's Mot. for Attorneys' Fees and Costs, exhibit 19 at 15.  The description, as written, makes it unnecessarily difficult to evaluate whether three hours or $1,188.00 was a reasonable expense for the work involved; 0.3 hours would appear just as reasonable based on the description alone.  However, in context and with Ms. Stadelnikas's reputation for good billing habits, reasonableness can be ascertained and no deduction is warranted.  Nonetheless, Ms. Stadelnikas is advised to take care, especially with the larger billing entries, to ensure that the description allows for a meaningful review of the reasonableness of the entry or deductions may be made in the future.

Overall, the line entries are sufficiently detailed to allow the undersigned to evaluate the reasonableness of the time spent on Mr. Peek's petition. The undersigned finds that the number of hours billed by Ms. Stadelnikas and her associates is reasonable for the work performed and that the number of hours requested should be awarded in full.

### C. Costs

Petitioner also requests $3,574.81 in costs incurred by his attorney. Pet'r's Mot. for Attorneys' Fees and Costs, exhibit 20. A large portion of these costs is associated with $2,450.00 for an independent medical exam by Dr. Chichkova. Id. at 44. Dr. Chichkova's hourly rate and number of hours billed are reasonable. The remainder of the costs reflect routine costs including the court's filing fee, costs associated with obtaining medical records, and shipping costs. All the routine costs are also reasonable and awarded in full.

For the reasons stated above, petitioner is awarded:

**A lump sum of $36,850.71 in the form of a check made payable to petitioner and petitioner's attorney, Diana Stadelnikas.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

> s/Christian J. Moran
> Christian J. Moran
> Special Master